# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7768 | **DATE** | 2/1/2012 |
| **CASE TITLE** | Swanson vs. Griebel et al | | |

**DOCKET ENTRY TEXT**

Motion hearing held on 1/31/12. For the reasons stated in open court and as explained more fully in the statement below, Defendant Weiffenbach's Motion to Quash [24] is denied as moot because the subpoena to which it was directed has been withdrawn by Plaintiff, and Defendant Griebel's Motion to Quash [22] is granted in part and denied in part. See Statement for further details.

■[ For further details see text below.]

Notices mailed by Judicial staff.

00:30

---

## STATEMENT

Plaintiff's subpoena served upon the Shorewood Police Department seeking documents relating to Defendant Weiffenbach's prior employment is withdrawn without prejudice based upon the representation of Defendant Weiffenbach's counsel that Defendant Weiffenbach has been employed by the Will County Sheriff's Department for approximately ten years. Accordingly, Defendant' Weiffenbach's Motion to Quash [24] is denied as moot. Plaintiff's counsel shall promptly notify the Shorewood Police Department that it need not respond to the subpoena.

Defendant Griebel's Motion to Quash [22] is granted with respect to Plaintiff's subpoena served upon the Indianapolis Colts. Plaintiff failed to make a plausible showing that the subpoena served upon the Colts, a professional football team for which Defendant Griebel played in or about 2004, is likely to yield information that is relevant to, or likely to lead to the discovery of admissible evidence in, this case.

Defendant Griebel's Motion to Quash [22] is granted without prejudice with respect to Plaintiff's subpoena served upon the DuPage County Sheriff's Office based upon Defendant Griebel's counsel's representation that Defendant Griebel was a civilian employee of that office and not a sworn law enforcement officer. As such, the subpoena – which, for example, asks for records relating to Defendant Griebel's "training, duties, performance, firearm discharge or use of force . . . and any report regarding injuries to persons arrested by Griebel" – is extremely overbroad. Further, Plaintiff failed to make a plausible showing at this juncture that the subpoena is likely to yield information that is relevant to, or likely to lead to the discovery of admissible evidence in, this case.

Defendant Griebel's Motion to Quash [22] is granted in part and denied in part with respect to Plaintiff's subpoenas served upon the Auditor of Newton County, Indiana, and the Willowbrook, Illinois,

**STATEMENT**

Police Department.  Defendant Griebel was employed as a sworn law enforcement officer by those police departments within five years of the incident that gave rise to Plaintiff's claims.  Those subpoenas are quashed except to the extent they seek (a) documents relating to formal or informal complaints received by those two police departments about Defendant Griebel, (b) disciplinary records relating to Defendant Griebel, and (c) any report regarding injuries to persons arrested by Defendant Griebel, during the time period he was employed by those police departments.

Plaintiff shall promptly serve new or amended subpoenas that direct the recipients of those subpoenas to produce to Defendant Griebel's counsel, rather than Plaintiff's counsel, any documents that are responsive to those subpoenas and then only pursuant to a protective order entered by this Court that protects those documents as confidential materials.  The parties shall submit as soon as possible an appropriate protective order to Magistrate Judge Gilbert's proposed order inbox (instructions can be found on the website at **www.ilnd.uscourts.gov**).  Defendant Griebel's counsel shall be responsible for stamping or labeling any documents produced in response to the subpoenas as confidential in accordance with the protective order.

Defendant Griebel's counsel shall promptly review any documents produced by the Newton County, Indiana, or the Willowbrook, Illinois, police departments and determine, in the first instance, whether any of those documents contain information that is relevant to, or likely to lead to the discovery of admissible evidence in, this case.  If counsel concludes that any documents produced by the Newton County or Willowbrook police departments contain such information, then counsel shall produce those documents to Plaintiff's counsel forthwith subject to the protective order.

If Defendant Griebel's counsel is uncertain about the relevance of any documents ultimately produced by the Newton County or Willowbrook police departments within the meaning of Rule 26(b)(1), then Defendant Griebel's counsel and Plaintiff's counsel first shall meet and confer about that issue.  If necessary, however, Defendant Griebel's counsel should bring any dispute back to me in the form of a motion for a protective order or for *in camera* review of a limited number of documents.  The Court then can determine whether any of the disputed documents should be produced to Plaintiff with a better understanding of what those documents actually contain than the Court has at present.

The Court is cognizant of the balance that must be struck here between allowing legitimate discovery to proceed and putting a stop to what Defendant Griebel characterizes as a fishing expedition.  Defendant Griebel apparently was employed as a law enforcement officer by three different police departments, including his present employer, the Will County Sheriff's Office, in the five years before the occurrence that gave rise to Plaintiff's complaint.  Plaintiff's counsel characterizes this as "job hopping" and says it may indicate that Defendant Griebel is (in the Court's words, not Plaintiff's) a bad apple.  Of course, it also may indicate that Defendant Griebel was alert to more attractive employment opportunities and was able to obtain new jobs because he had an exemplary record.  The procedures ordered above are intended to strike a balance between an unreasonable intrusion upon Defendant Griebel's privacy, the interests of third-party subpoena recipients, and the potential production of information that may be relevant to, or likely to lead to the discovery of admissible evidence in, this case including without limitation evidence that might be admissible under Federal Rules of Evidence 404(b) or 608.

To be clear, it is not the Court's intent that all documents that relate to any discipline of or complaint about Defendant Griebel be produced to Plaintiff's counsel as a result of the procedure outlined above.  For example, if Defendant Griebel was disciplined because his uniform shirt was not tucked in or even because he failed to come to the assistance of a fellow officer, those documents are not subject to production because they are not relevant to, or likely to lead to the discovery of admissible evidence in, this case.  But documents

## STATEMENT

relating to a complaint about or discipline of Defendant Griebel for using excessive force or acting inappropriately during an arrest or encounter with a civilian potentially could be relevant to, or lead to discovery of admissible evidence in, this case.

This is not intended to be an exhaustive catalogue of potentially relevant documents. It is simply meant to say that some documents produced pursuant to the now limited subpoenas served upon the Newton County and Willowbrook police departments may be subject to production while others may not. Defendant Griebel's counsel shall make that call in the first instance, and the Court will resolve any disputes about close calls. Further, nothing contained herein is intended to prevent Plaintiff from bringing an issue relating to the two active subpoenas back to this Court if he feels that is necessary based upon his discussion with Defendant Griebel's counsel about any documents received pursuant to the subpoenas.

It is so ordered.