# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7768 | **DATE** | 4/10/2012 |
| **CASE TITLE** | Swanson vs. Griebel et al | | |

**DOCKET ENTRY TEXT**

Motion hearing held. Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories [53] is granted in part and denied in part for the reasons stated on the record during this morning's court hearing and as briefly summarized in the statement below. Defendant Weiffenbach is given leave to file by 4/24/12 a motion to reconsider the Court's decision on the issue of his production of financial information in light of his proposed stipulation that he will not contend at trial that he lacks the financial resources to pay a punitive damage award. If such a motion is filed, Plaintiff may file a response by 5/8/12. The Court will rule on that motion via the CM/ECF system.

■[ For further details see text below.]   Notices mailed by Judicial staff.

01:30

## STATEMENT

    1.    Plaintiff's motion to compel Defendant Griebel to answer interrogatories 10, 11 and 12 and Defendant Weiffenbach to answer interrogatories 9, 10 and 11 (Motion [53], at ¶ 13) is granted in part and denied in part as follows:

    (a) Defendant's Griebel and Weiffenbach shall provide the net wage information requested by interrogatories 9 (Weiffenbach) and 10 (Griebel), respectively. To the extent this information was produced in redacted form, it shall be re-produced without redaction. According to Defendants, this information is publicly available as these Defendants are public employees.

    (b) Defendants Griebel and Weiffenbach shall provide the financial information requested by interrogatories 10 and 11 (Weiffenbach) and 11 and 12 (Griebel) no later than 30 days before the Pretrial Order in this case is due (or, alternatively, if the parties agree, Defendants may provide a net worth statement listing all material assets (including the information requested by said interrogatories) and material liabilities by the same date). This information may be produced pursuant to the terms of a protective order.

    (c) This ruling is without prejudice to either Defendant Griebel or Defendant Weiffenbach filing a motion in limine before trial in which such Defendant contends that any of the financial information referenced above is inadmissible at trial as a matter of law.

    2.    Plaintiff's motion to compel Defendants Griebel and Weiffenbach to provide a timeline of

| STATEMENT |
|---|

events in answer to interrogatory 13 (Griebel) and 12 (Weiffenbach) (Motion [53], at ¶ 14) is denied. It appears that the burden of creating such a narrative timeline is similar for both Plaintiff and these Defendants and, in any event, the information can be obtained economically and efficiently in depositions of the Defendant officers. Plaintiff's motion to compel Defendant Griebel to answer interrogatory 14 by identifying the individuals who witnessed the events listed in interrogatory 13 (Motion [53], at ¶ 14) is granted to the extent that the identity of any such witnesses is not contained in the arrest report and dispatch records. To be clear, if Defendant Griebel contends that other witnesses are identified in other "records produced by Defendant and Plaintiff" (see Defendant Griebel response to interrogatory 14), then the names of those witnesses must be provided in answer to interrogatory 14 either expressly or by reference to Defendant Griebel's Rule 26(a)(1) disclosures.

    3.    Plaintiff's motion to compel Defendant Weiffenbach to provide his cell phone number and a record of calls to and from that number on June 4, 2010 (Motion [53], at ¶ 15) is granted.

    4.    Plaintiff's motion to compel Defendants to produce their joint defense agreement (Motion [53], at ¶ 16) is granted to the extent that Defendants shall state, in writing, (a) whether they have a written joint defense agreement, (b) the parties to that agreement, and (c) the date(s) each party entered into that agreement. The motion is denied without prejudice at this time to the extent Plaintiff seeks production of the actual join defense agreement (requests to produce 7 (Weiffenbach), 8 (Griebel) and 10 (Sheriff)) as Plaintiff's counsel represented that the information described above is sufficient for Plaintiff's purposes at this time.

    5.    Plaintiff's motion to compel information concerning the LEADS terminals (Motion [53], at ¶ 17) is withdrawn.

    6.    Plaintiff's motion to compel production of various excerpts from the Will County Sheriff's Office policies and/or procedures manual (Motion [53], at ¶ 18) is denied for the reasons stated on the record and without prejudice to Plaintiff renewing the Motion in this regard with respect to particular policies and procedures as to which there exists a good faith basis to believe such particular policies and procedures exist and are relevant to the claims or defenses being made in this case.

    7.    The documents and information ordered produced herein shall be produced at least four (4) business days before the deposition(s) with respect to which the documents or information are/is relevant.

    It is so ordered.